**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0091-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DELRONN MAHAN,

    Defendant-Appellant.

_____

Submitted December 2, 2025 – Decided December 31, 2025

Before Judges Gooden Brown and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 18-01-0097.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Gregory R. Mueller, Designated Counsel, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Delronn Mahan appeals from the August 6, 2024 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

On November 1, 2017, at approximately 10:12 p.m., a Camden County Police officer in uniform conducted a pedestrian stop of three suspicious men gathered on a sidewalk. One of the men, later identified as defendant, fled on foot. The officer pursued defendant, catching up to him in the courtyard of an apartment complex. A struggle ensued. During the struggle, defendant produced a handgun and fired one shot at the officer, striking him in the thigh. The injured officer restrained defendant until other officers arrived on scene and arrested him. Officers recovered the handgun.

A Camden County grand jury indicted defendant, charging him with: (1) first-degree attempted murder, N.J.S.A. 2C:5-1(a)(1) and :11-3(a)(1) (count one); (2) second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) (count two); (3) third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(5)(a) (count three); (4) second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b)(1) (count four); (5) second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1) (count five); (6) third-degree aggravated assault,

2

N.J.S.A. 2C:12-1(b)(9) (count six); and (7) second-degree certain persons not to have a weapon, N.J.S.A. 2C:39-7(b)(1) (count seven). In a separate indictment, the grand jury charged defendant with fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a)(2).

On February 11, 2019, defendant entered a guilty plea pursuant to a negotiated agreement to count two (second-degree aggravated assault) and count five (second-degree possession of a weapon for an unlawful purpose). In exchange, the State agreed to recommend a seven-year sentence, with an eighty-five-percent period of parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, on count two, and a consecutive eight-year sentence, with a four-year period of parole ineligibility on count five. The State also agreed to dismiss the remaining counts of the indictment and defendant agreed not to file an appeal.

In addition, defendant pleaded guilty to the single count in the second indictment, fourth-degree resisting arrest. In exchange, the State agreed to recommend an eighteen-month sentence to be served concurrently with the sentences for the convictions on the first indictment.

At the plea hearing, the assistant prosecutor explained the State would recommend consecutive sentences on count two and count five of the first

A-0091-24

indictment. In addition, the court informed defendant the State would recommend consecutive sentences on those two convictions. The court stated, "[s]ir, that means you have to complete the first term and then the second one is served after the first one, not both at the same time, which would be a concurrent term. Do you understand that?" Defendant replied, "[y]es." In addition, the court and defendant had the following exchange:

> THE COURT: Has anybody mentioned anything else to you or promised you anything to get you to plead guilty that is different from what I have said?
>
> DEFENDANT: No.

At sentencing, the court found aggravated factors three, N.J.S.A. 2C:44-1(a)(3) (risk defendant will commit another offense), six, N.J.S.A. 2C:44-1(a)(6) (extent of defendant's prior criminal convictions and the seriousness of those offenses), and nine, N.J.S.A. 2C:44-1(a)(9) (need to deter defendant and others). The court found no mitigating factors and concluded the aggravating factors outweighed the non-existent mitigating factors.

The court sentenced defendant pursuant to the plea agreement to a seven-year term of incarceration, with an eighty-five-percent period of parole ineligibility pursuant to NERA on count two, and a consecutive eight-year term of incarceration, with a four-year period of parole ineligibility on count five.

4

The court stated the sentence on count two "will be consecutive to the sentence . . . under [c]ount [five] of the same indictment. Consecutive means that the terms are served end to end[,] one after the other." The court dismissed the remaining counts of the indictment.

Finally, the court sentenced defendant to an eighteen-month term of incarceration for resisting arrest on the second indictment. The court ordered the sentence to be served concurrently with the sentences on the first indictment.

A March 25, 2019 judgment of conviction (JOC) memorialized the sentences imposed on defendant. On October 31, 2019, the court issued an amended JOC because the original JOC did not reflect the sentence given at the hearing.

Defendant did not object to the consecutive sentences at the sentencing hearing. Nor did he file an appeal from the JOC.

On May 26, 2023, defendant filed a self-represented PCR petition. Assigned counsel subsequently filed an amended petition and supporting brief arguing defendant's plea counsel was ineffective because his attorney: (1) failed to obtain through discovery or motion the police department policy pertaining to a single officer conducting a stop without backup, and any record of the victim having previously been counseled for violating that policy; (2) advised

5

defendant, despite the terms of the plea agreement calling for consecutive sentences, he "should expect the sentences to be concurrent at sentencing"; (3) failed to argue against consecutive sentences at sentencing; (4) did not urge the court to adopt mitigating factors at sentencing; (5) failed to advise defendant he could appeal the sentence without violating the waiver of appeal provision of the plea agreement; (6) did not follow defendant's direction to file an appeal of his sentence; and (7) failed to advise him to make a statement apologizing to the victim at sentencing.

On August 6, 2024, after hearing argument from counsel, the court issued a written decision and order denying the petition and defendant's request for an evidentiary hearing. With respect to the police department policy identified by defendant, the court found he "provide[d] no basis" other than "bald assertions" "for his stated belief that such an internal policy exists, nor any evidence that such policy does exist in fact and [the] specifics of such policy or when it was enacted." Nor, the court found, did defendant explain how such a policy, if one existed, and the officer's prior violation of the policy, if such a violation took place, would impact the credibility of the officer or result in the suppression of evidence. Thus, the court concluded counsel's alleged failure to obtain a copy

A-0091-24

of the policy and records of the victim's prior violation of the policy, if such evidence existed, would not constitute ineffective legal assistance.

The court also found defendant did not identify any specifics of the alleged conversation during which his counsel informed him to expect to receive concurrent sentences, despite the unequivocal terms of the plea agreement. The court found the State's recommendation for consecutive sentences was underlined in the plea documents signed by defendant and mentioned no less than five times during the plea hearing. In addition, the court noted the consecutive nature of the sentences was mentioned twice at the sentencing hearing and defendant voiced no concern, objection, or claim of misunderstanding at those proceedings. Defendant first raised this argument in his 2023 PCR petition, more than four years after sentencing.

The court found defendant did not establish how the alleged advice to expect concurrent sentences prejudiced him. Defendant did not argue he would not have accepted the State's plea offer unless the sentences on the two second-degree offenses were to be served concurrently. In addition, the court found, even assuming defendant's counsel told him to expect concurrent sentences, that advice was negated by the documents defendant signed to effectuate the plea

A-0091-24

agreement and the repeated comments by counsel and the court regarding consecutive sentences.

The court, relying on the holding in State v. Acevedo, 205 N.J. 40, 44 (2011), concluded defendant's argument regarding counsel's failure to advocate for concurrent sentences was procedurally barred. The court determined that by arguing consecutive sentences were not warranted, defendant, in effect, raised an excessive sentence argument, which must be brought in a direct appeal not by a PCR petition. Id. at 47. The court also found consecutive sentences were warranted for the two convictions and any argument by counsel for concurrent sentences would not have been successful.

The court rejected defendant's argument his counsel was ineffective for not urging the court to find mitigating factors at sentencing. The court concluded defendant did not make a prima facie showing any statutory mitigating factor would have been found by the sentencing court.[1]

The court also rejected defendant's argument his counsel was ineffective for not advising him he could file an appeal of his sentence without violating the

---

[1] Although defendant was under twenty-six at the time he committed his offenses, N.J.S.A. 2C:44-1(b)(14), which created a mitigating factor for youthful adult offenders, was enacted effective October 19, 2020, after defendant's sentencing. See L. 2020, c. 110, § 1.

A-0091-24

"no appeal" provision of the plea agreement. The court found defendant cited no legal support for the proposition he could have filed an appeal without violating the "no appeal" provision. Thus, the court concluded, failing to advise defendant he could file an appeal without violating the agreement could not constitute ineffective assistance of counsel.

In addition, the court found defendant was advised by the plea court he could file an appeal, but doing do would release the State from the agreement. The court concluded counsel's failure to provide him with the same advice could not, therefore, have resulted in prejudice.

Finally, the court found neither certification submitted by defendant contained a statement he directed his trial counsel to file an appeal of his sentence based on the consecutive terms. Therefore, the court found defendant produced no evidence to support his claim he received ineffective assistance of counsel with respect to filing an appeal. This appeal followed.

Defendant raises the following arguments.

> POINT I
>
> [DEFENDANT'S] COUNSEL WAS CONSTITUTIONALLY DEFICIENT BECAUSE HE FAILED TO ADVOCATE FOR HIM AT SENTENCING.

A-0091-24

POINT II

[DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY INFORMED HIM TO EXPECT CONCURRENT SENTENCES.

II.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Preciose, 129 N.J. 451, 459 (1992). Under Rule 3:22-2(a), a defendant is entitled to post-conviction relief if there was a "'substantial denial in the conviction proceedings' of a defendant's state or federal constitutional rights." Ibid. "A petitioner must establish the right to such relief by a preponderance of the credible evidence." Ibid. (citing State v. Mitchell, 126 N.J. 565, 579 (1992)). "To sustain that burden, specific facts" that "provide the court with an adequate basis on which to rest its decision" must be articulated. Mitchell, 126 N.J. at 579.

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee criminal defendants the right to the effective assistance of counsel. State v. O'Neil, 219 N.J. 598, 610 (2014) (citing Strickland v. Washington, 466 U.S. 668, 686 (1984); State v. Fritz, 105 N.J. 42, 58 (1987)). To succeed on a claim of ineffective assistance

10

of counsel, the defendant must meet the two-part test established by Strickland, and adopted by our Supreme Court in Fritz. 466 U.S. at 687; 105 N.J. at 58.

Under Strickland, a defendant first must show that his or her attorney made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. Counsel's performance is deficient if it "[falls] below an objective standard of reasonableness." Id. at 688.

A defendant also must show that counsel's "deficient performance prejudiced the defense[,]" id. at 687, because "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[,]" id. at 694. To establish the prejudice prong in the context of a guilty plea, a defendant must show "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." State v. DiFrisco, 137 N.J. 434, 457 (1994) (alteration in original) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). To that end, "a [defendant] must convince the court that a decision to reject the plea bargain" and "insist on going to trial" would have been "rational under the circumstances." State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)).

11

A-0091-24

"[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 697; State v. Marshall, 148 N.J. 89, 261 (1997). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

We review a judge's decision to not hold a PCR evidentiary hearing for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing Marshall, 148 N.J. at 157-58). A hearing is required only when: (1) a defendant establishes a prima facie case in support of PCR; (2) the court determines there are disputed issues of material fact that cannot be resolved by review of the existing record; and (3) the court determines an evidentiary hearing is required to resolve the claims asserted. State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)). "A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" Id. at 355 (quoting R. 3:22-10(b)).

Where a PCR court does not hold an evidentiary hearing, this court's standard of review is de novo as to both the factual inferences drawn by the trial

12

court from the record and the court's legal conclusions. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016); see State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020) (quoting State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014)).

We agree with the PCR court's conclusion defendant did not establish a prima facie claim his counsel was ineffective at sentencing. Defendant's claims are, in effect, an argument he received an excessive sentence, which should have been raised in a direct appeal. "A PCR petition is not a substitute for raising a claim on direct appeal, and generally an alleged excessive sentence – that is, a sentence within the range permitted by a verdict or a plea – is not cognizable on PCR." State v. Hess, 207 N.J. 123, 145 (2011). Defendant's claims could have been dismissed on those grounds alone.

We note, however, that while sentencing counsel did not argue against consecutive sentences and aggravating factors, or in favor of mitigating factors, we see nothing in the record indicating any such arguments would have been successful. Defendant agreed to consecutive sentences on the two counts to which he pleaded guilty in the first indictment. Those counts concerned distinct crimes. Defendant assaulted the officer by shooting him, causing serious bodily injury. Defendant also possessed the gun for an unlawful purpose, admitting he

had the gun in his possession prior to the shooting for an unlawful purpose, not for self-defense. While the two offenses occurred close in time, they were distinct criminal acts. Nothing about the crimes supports the conclusion the sentencing court could have been persuaded to depart from the plea agreement to impose concurrent sentences.

In addition, the aggravating factors found by the court were well supported by the record. Defendant had an extensive criminal history involving serious offenses. He was not deterred by prior convictions and was likely to commit another offense. In addition, the need to deter others from shooting a police officer to evade capture is evident. No amount of advocacy by defendant's counsel would have dissuaded the sentencing court from finding the three aggravating factors at issue here. Nor is there evidence in the record any mitigating factor was applicable or would have been found by the court.

Like the PCR court, we find no evidence in the record supporting defendant's claim his counsel advised him to expect to be sentenced to concurrent sentences, despite the unequivocal nature of the plea agreement. At the plea hearing, the court and counsel repeatedly said the State would recommend consecutive sentences on the two convictions from the first indictment. Defendant acknowledged the agreement provided the State would

14

recommend consecutive sentences. At no time during the plea hearing did defendant say he was advised to expect to receive concurrent sentences. In fact, defendant informed the court no person mentioned or promised anything to him other than what the court had said were the terms of the plea agreement. At the sentencing hearing, the court sentenced defendant to consecutive sentences. Defendant did not object or state he had received a sentence he was advised he would not receive. Defendant also did not file an appeal from the JOC challenging the consecutive sentences as contrary to what he was advised by counsel to expect to receive.

We have considered defendant's remaining arguments and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Hanley*

Clerk of the Appellate Division

15

A-0091-24